UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Ronald F. Harsh, Sr., et al.,                               Case No. 3:18-cv-2239

        Plaintiffs

        v.                                                    MEMORANDUM OPINION

Kalida Manufacturing, Inc., et al.,

        Defendants

Plaintiffs moved for conditional class certification of this FLSA action. (Doc. No. 32). In response, Defendants moved for a stay on briefing of Plaintiff's motion, arguing they should be permitted to conduct limited discovery prior to responding to the motion. (Doc. No. 34). Plaintiffs filed a memorandum in opposition to the stay. (Doc. No. 35).

Under the FLSA, a plaintiff may pursue a lawsuit known as a collective action on behalf of the plaintiff and "similarly situated" individuals to attempt to recover unpaid wages or overtime compensation. 28 U.S.C. § 216(b). There are two stages to a court's certification of a collective action: (1) conditional certification, where the plaintiff must demonstrate there are similarly situated employees affected by the defendant's policy of conduct, and (2) decertification, where a defendant may seek to de-certify a class because the plaintiffs' claims are individualized rather than collective. *See, e.g., White v. Baptist Mem'l Health Care Corp.*, 699 F.3d 869, 877 (6th Cir. 2012); *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006).

Initial certification of a collective action requires a named plaintiff to make a "modest factual showing," *Comer*, 454 F.3d at 546, that the plaintiff and other potential plaintiffs "'suffer from a single, FLSA-violating policy,' *or* whose 'claims [are] unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct.'"

*Monroe v. FTS USA, LLC,* 860 F.3d 389, 398 (6th Cir. 2017) (quoting *O'Brien v. Ed Donnelly Enter., Inc.*, 575 F.3d 567, 585 (6th Cir. 2009)). The court's inquiry at the conditional certification stage does not "consider the merits of the plaintiff's claims, resolve factual disputes, make credibility determinations, or decide substantive issues." *Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 214 (S.D. Ohio 2011).

Here, Defendants urge me to stay briefing on Plaintiffs' motion for conditional class certification and "open discovery." Defendants cite three cases in support of the argument that discovery may be permitted prior to conditional class certification. The first, from the Eleventh Circuit, discusses discovery conducted prior to conditional class certification pursuant to a mutual agreement of the parties. *See Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1242 (11th Cir. 2008). Because no such agreement exists here, this case has no bearing to matter at hand.

In the other two cases cited by Defendants, the defendants sought information about the named plaintiffs in order to meaningfully respond to an anticipated motion for conditional class certification. *See Robinson v. Ryla Teleservs, Inc.*, No. CA 11-131-KD-C, 2011 WL 6667338, at *1 (S.D. Ala. Dec. 21, 2011); *Carver v. Velocity Express Corp.*, No. 1:07cv407, 2008 WL 1766629, at *1 (W.D.N.C. Apr. 14, 2008). Unlike these cases, Defendants here do not seek information regarding whether the named Plaintiffs are "similarly situated" for purposes of conditional class certification. Instead, Defendants request discovery related to the underlying merits of Plaintiffs' claim and substantive issues of the case.

Because the discovery sought is irrelevant to the issue of conditional class certification, Defendants motion to stay briefing on Plaintiffs' motion and to open discovery is denied. Should Defendants wish to file a memorandum in opposition to Plaintiffs' motion, they shall do so by May 6, 2019. Any reply by Plaintiffs shall be filed by May 13, 2019.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
