UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Ronald Harsh, Sr., & Julian Hinojosa, et al,           Case No. 3:18-cv-2239

    Plaintiffs

    v.                                        MEMORANDUM OPINION
                                                                        AND ORDER

Kalida Manufacturing, Inc., et al,

    Defendants.


## I. INTRODUCTION

Named Plaintiffs Ronald Harsh, Sr. and Julian Hinojosa, brought claims alleging Defendants Kalida Manufacturing Inc. and KTH Parts Inc. violated a number of state and federal statutes and regulations governing overtime pay to employees. In a previous order, I granted conditional certification of a collective action under the FLSA and ordered the parties to meet and confer regarding the contents of the notice that would be sent to potential opt-in plaintiffs. The parties were unable to come to an agreement, leading both to submit proposed notice and consent forms. (Doc. No. 47 & 48). Subject to the modifications discussed below, I adopt Plaintiffs' proposed notice and consent forms and order the parties to proceed accordingly.

## II. STANDARD

Trial courts have discretion in collective actions brought under the Fair Labor Standards Act to facilitate notice to potential plaintiffs. *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 171-72 (1989). Notice should be "timely, accurate, and informative." *Id.* at 172. "[T]rial courts must take care to avoid even the appearance of judicial endorsement of the merits of the action." *Id.* at 174.

## III. DISCUSSION

Defendants submitted their objections to the Plaintiffs' proposed notice along with a memorandum detailing the justifications for the Defendants' suggested revisions. (Doc. No. 47). Plaintiffs submitted revised notice and consent forms. (Doc. No. 48). I begin by analyzing the areas where the parties' proposals differ significantly.

### A. Denial of Allegations

Defendants contend the notice "must include language stating Defendants' denial of the allegations and its belief that it complied with the FLSA in good faith." (Doc. No. 47 at 3). I disagree. Defendants are correct that the notice must maintain judicial neutrality, but this can be done with a simple statement that Defendants are denying liability. Defendants argue the class definition implies that Defendants do, in fact, use time clocks to track compensable hours, a practice which Defendants dispute. But Plaintiffs' proposed notice clearly states that Defendants deny they have violated the FLSA and that the court has not yet made any determination regarding the merits. (Doc. No. 48-1 at 2). The notice is also clear that these are Plaintiffs' allegations, not any findings of fact.

### B. Potential Costs

Defendants seek to add language informing potential opt-in plaintiffs of the possibility that they will be responsible for some of Defendants' court costs. (Doc. No. 47 at 5-6). I have previously found that including language which informs prospective plaintiffs that they may be obligated to pay costs is appropriate. *See Gomez v. ERMC Prop. Mgmt. Co., LLC*, No. 3:13-cv-01081, 2014 WL 3053210 (N.D. Ohio July 7, 2014). Plaintiffs oppose including such language on the grounds that it would unnecessarily chill participation. (Doc. No. 48 at 5).

I, again, find it appropriate to include language informing prospective plaintiffs of these potential liabilities but acknowledge the risk posed by this language. To mitigate this risk, the notice

shall include the following: "You have no obligation to pay attorney's fees to Class Counsel unless the lawsuit prevails, though you may be responsible for paying costs incurred during the lawsuit regardless of the outcome." If Plaintiffs' counsel is concerned about the potential chilling effect of this language, it would be appropriate to add the following language as well: "You may contact Class Counsel for more information about the likelihood and magnitude of any potential costs." Informing potential plaintiffs of the possible financial consequences while advising them to contact counsel for more information effectively balances the interests of the parties without compromising judicial neutrality.

### C. Retaining Different Counsel

Defendants seek to include language informing the potential plaintiffs of their right to choose their own counsel. (Doc. No. 47 at 10). Plaintiffs contend this is unnecessary because their proposed notice already states, "If you choose not to join this Case, you may file your own lawsuit." (Doc. No. 48 at 8). As I discussed in *Gomez*, intentionally striving to bring additional counsel into a collective action lawsuit would likely defeat the efficient operation of the litigation. *See Gomez*, 2014 WL 3053210 at *2. Although potential plaintiffs certainly have the right to retain counsel, the proposed notice is sufficient in this regard because it clearly states prospective plaintiffs are free to independently pursue litigation on this matter.

### D. Opt-In Period

Plaintiffs request an opt-in period of 90 days. (Doc. No. 48 at 8). Defendants request an opt-in period of 45 days, though they indicate that they have previously offered to compromise with an opt-in period of 60 days. (Doc. No. 47 at 13-14).

In support of a longer opt-in, Plaintiffs point to the following: the notice mailing occurring during the holiday season; the frequency of notices returned as undeliverable because employers

gave old mailing addresses; and finally, the absence of prejudice to Defendants by providing a longer opt-in period. (Doc. No. 48 at 9).

In the past, I have found "a 45-day period adequately balances the need to keep this lawsuit on track with the need to allow prospective plaintiffs time to evaluate their options." *Gomez*, 2014 WL 3053210 at *3. But there is no rule controlling the length of the opt-in period, and courts in the Sixth Circuit have approved opt-in periods of 90 days. *See e.g. Marek, et al v. Toledo Tool & Die Company, Inc.*, No. 3:16-cv-3006, 2018 WL 4680551, at *5 (N.D. Ohio Sept. 28, 2018); *Brittmon v. Upreach, LLC,* 285 F.Supp. 3d 1033, 1045 (S.D. Ohio 2018).

Here, I appreciate the realities of the holiday season support a longer opt-in period. I am also persuaded by Plaintiffs' argument that a longer opt-in does not result in any significant prejudice to Defendants. Still, there is a need to keep the litigation on track. Altogether, I find a 75-day opt-in period strikes the appropriate balance.

### E. Title

Finally, the title of the notice shall be changed to "Notice of Fair Labor Standards Act Lawsuit."

## IV. CONCLUSION

Subject to the modifications discussed above, I approve the proposed notice and consent submitted by Plaintiffs in their most recent filing. Plaintiffs shall modify the notice and consent accordingly before distributing it to prospective plaintiffs.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge